# EXHIBIT 1

## 2082CV00993 Michael O'Neill on behalf of Himself and all others similarly situated vs. Synchrony Bank



- Case Type:
- Torts
- Case Status:
- Open
- File Date
- 10/19/2020
- DCM Track:
- F - Fast Track
- Initiating Action:
- Other Tortious Action
- Status Date:
- 10/19/2020
- Case Judge:
- 
- Next Event:



| All Information | Party | Tickler | Docket | Disposition |

### Party Information

**O'Neill, Michael**
**- Plaintiff**

| Alias | Party Attorney |
|---|---|
| | - Attorney |
| | - Lemberg, Esq., Sergei |
| | - Bar Code |
| | - 650671 |
| | - Address |
| | - Lemberg Law, LLC |
| |   43 Danbury Rd |
| |   Wilton, CT  06897 |
| | - Phone Number |
| | - (203)653-2250 |

More Party Information

**Synchrony Bank**
**- Defendant**

| Alias | Party Attorney |
|---|---|
| | - Attorney |
| | - Ausrotas, Esq., Raymond Patrick |
| | - Bar Code |
| | - 640315 |
| | - Address |
| | - Arrowood LLP |
| |   10 Post Off Square |
| |   7th Floor South |
| |   Boston, MA  02109 |
| | - Phone Number |
| | - (617)849-6200 |
| | - Attorney |
| | - McGonigle, Esq., W.F. |
| | - Bar Code |
| | - 569490 |
| | - Address |
| | - Arrowood LLP |
| |   10 Post Off Square |
| |   7th Floor South |
| |   Boston, MA  02109 |
| | - Phone Number |
| | - (617)849-6208 |

More Party Information

## Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---|---|---|---|---|
| Service | 10/19/2020 | 01/19/2021 | 92 | |
| Answer | 10/19/2020 | 02/16/2021 | 120 | |
| Rule 12/19/20 Served By | 10/19/2020 | 02/16/2021 | 120 | |
| Rule 12/19/20 Filed By | 10/19/2020 | 03/18/2021 | 150 | |
| Rule 12/19/20 Heard By | 10/19/2020 | 04/20/2021 | 183 | |
| Rule 15 Served By | 10/19/2020 | 02/16/2021 | 120 | |
| Rule 15 Filed By | 10/19/2020 | 03/18/2021 | 150 | |
| Rule 15 Heard By | 10/19/2020 | 04/20/2021 | 183 | |
| Discovery | 10/19/2020 | 08/16/2021 | 301 | |
| Rule 56 Served By | 10/19/2020 | 09/14/2021 | 330 | |
| Rule 56 Filed By | 10/19/2020 | 10/14/2021 | 360 | |
| Final Pre-Trial Conference | 10/19/2020 | 02/11/2022 | 480 | |
| Judgment | 10/19/2020 | 10/19/2022 | 730 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 10/19/2020 | Attorney appearance<br>On this date Sergei Lemberg, Esq. added as Private Counsel for Plaintiff Michael O'Neill | | |
| 10/19/2020 | Case assigned to:<br>DCM Track F - Fast Track was added on 10/19/2020 Sent to attorney | | Image |
| 10/19/2020 | Original civil complaint filed. | 1 | Image |
| 10/19/2020 | Civil action cover sheet filed. | 2 | Image |
| 10/19/2020 | Demand for jury trial entered. | | |
| 10/19/2020 | Claim filed under 93A | | |
| 10/19/2020 | Notice of 93A complaint sent to Attorney General | 3 | |
| 11/08/2020 | One Trial case reviewed by Clerk, case to remain in the Superior Court.<br><br>Judge: Hickey, Mary K | | |
| 12/09/2020 | Service Returned for<br>Defendant Synchrony Bank: Service via certified mail;(Rec'd 12/7/2020) | 4 | Image |
| 12/17/2020 | Attorney appearance<br>On this date Raymond Patrick Ausrotas, Esq. added for Defendant Synchrony Bank(rec'd 12/11/2020) | | |
| 12/17/2020 | Attorney appearance<br>On this date W.F. McGonigle, Esq. added for Defendant Synchrony Bank(rec'd 12/11/2020) | | |
| 12/17/2020 | Party(s) file Stipulation<br>to Extend Deadline to Respond  to Initial Complaint - The above-captioned parties have stipulated and agreed that Defendant will have a 45-day extension for the purpose of responding to Plaintiff's Complaint. Defendant shall therefore have until January 22, 2021 to serve a responsive pleading or motion (Rec'd 12/11/2020)<br><br>Applies To: Lemberg, Esq., Sergei (Attorney) on behalf of Michael O'Neill on behalf of Himself and all others similarly situated (Plaintiff); McGonigle, Esq., W.F. (Attorney) on behalf of Synchrony Bank (Defendant) | 5 | |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|

| Disposition | Date | Case Judge |
| --- | --- | --- |
| Pending | | |

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 20    99 3 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Michael O'Neill, on behalf of himself and all others similarly situated | COUNTY Norfolk |
|---|---|---|

ADDRESS:    4 Bassett Street, Foxborough, MA 02035

Assonet, MA 02702

DEFENDANT(S):    Synchrony Bank

ATTORNEY:    Sergei Lemberg

ADDRESS:    Lemberg Law, LLC

43 Danbury Rd., Wilton, CT 06697

ADDRESS:    170 West Election Road, Suite 125

Draper, Utah 84020

BBO:    650671

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | M.G.L. c. 93A § 2, et seq | F | ☒ YES    ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?     ☒ YES    ☐ NO

Is this a class action under Mass. R. Civ. P. 23?     ☒ YES    ☐ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................. $
2. Total doctor expenses ................................................................. $
3. Total chiropractic expenses ................................................................. $
4. Total physical therapy expenses ................................................................. $
5. Total other expenses (describe below) ................................................................. $
   Subtotal (A): $

B. Documented lost wages and compensation to date ................................................................. $
C. Documented property damages to date ................................................................. $
D. Reasonably anticipated future medical and hospital expenses ................................................................. $
E. Reasonably anticipated lost wages ................................................................. $
F. Other documented items of damages (describe below) ................................................................. $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F): $

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

TOTAL: $ 50,001.00

On Behalf of Plaintiff and Class

Signature of Attorney/ Unrepresented Plaintiff: X   /s/ Sergei Lemberg     Date: Oct 16, 2020

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X   /s/ Sergei Lemberg     Date: Oct 16, 2020

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2082CV00993 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Michael O'Neill on behalf of Himself and all others similarly situated vs. Synchrony Bank | Walter F. Timilty, Clerk of Courts |
|---|---|
| TO: Sergei Lemberg, Esq. Lemberg Law, LLC 43 Danbury Rd Wilton, CT 06897 | COURT NAME & ADDRESS Norfolk County Superior Court 650 High Street Dedham, MA 02026 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 01/19/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 02/16/2021 | |
| All motions under MRCP 12, 19, and 20 | 02/16/2021 | 03/18/2021 | 04/20/2021 |
| All motions under MRCP 15 | 02/16/2021 | 03/18/2021 | 04/20/2021 |
| All discovery requests and depositions served and non-expert depositions completed | 08/16/2021 | | |
| All motions under MRCP 56 | 09/14/2021 | 10/14/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 02/11/2022 |
| Case shall be resolved and judgment shall issue by | | | 10/19/2022 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 10/19/2020 | ASSISTANT CLERK | PHONE |
|---|---|---|

Date/Time Printed: 10-19-2020 13:44:26                                                         SCV026\ 08/2018

COMMONWEALTH OF MASSACHUSETTS
County of Norfolk
The Superior Court

FILED
2020 OCT 19  PM 1:40
CLERK OF THE COURT
NORFOLK COUNTY

Michael O'Neill, *on behalf of himself and all others similarly situated,*

          Plaintiff,

          v.

Synchrony Bank,

          Defendant.

:
:
:
:
:
:
:
:
:
:
:
:

Civil Docket #: **20     993**

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

For this Class Action Complaint, Plaintiff Michael O'Neill, by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

### INTRODUCTION

1.    Defendant Synchrony Bank ("Synchrony") is a national bank whose regular practice is to call its Massachusetts customers on a near-daily basis to collect consumer debts. *See, e.g.,* https://www.bbb.org/us/oh/kettering/profile/credit-cards-and-plans/synchrony-0322-5001136/customer-reviews (customer complaints regarding Synchrony included that Synchrony placed daily collection calls) (last visited Oct. 13, 2020).

2.    Synchrony's calling practices are illegal in Massachusetts as the Massachusetts Attorney General has regulated it an "unfair or deceptive act or practice for a creditor" to "initiate a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the

debtor as his or her personal telephone number, for each debt . . . ." 940 CMR § 7.04(1)(f); *see also Armata v. Target Corp.*, 480 Mass. 14, 15–16, 23, 99 N.E.3d 788, 790, 795-96 (2018) ("The regulation applies to any attempted telephonic communication by a creditor to a debtor in an effort to collect a debt, so long as . . . the creditor is able to reach the debtor or to leave a voicemail message for the debtor.") (quoting 940 CMR § 7.04(1)(f)).

3.      Synchrony placed more than two collection calls to Plaintiff Michael O'Neill ("Plaintiff") within a seven-day period in an attempt to collect a debt, violating the express provisions of § 7.04(1)(f).

4.      Plaintiff seeks to represent all consumers similarly situated.   Plaintiff seeks injunctive relief to end Synchrony's illegal practice, declaratory relief to make Synchrony's violations known to the class, actual and statutory damages, as well as attorneys' fees and costs.

## PARTIES

5.      Plaintiff, Michael O'Neill, is an adult individual residing in Foxborough Massachusetts, and is a "debtor" as defined by 940 C.M.R. § 7.03.

6.      Defendant, Synchrony Bank, is a federal savings bank headquartered at 170 West Election Road, Suite 125, Draper, Utah 84020, and is a "creditor" as defined by 940 CMR § 7.03.   Upon information and belief, Synchrony does not maintain a place of business within the Commonwealth of Massachusetts, nor does it keep any assets in the Commonwealth of Massachusetts.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. Synchrony Engages in Unfair Business Practices

7.      Plaintiff allegedly incurred a financial obligation arising out of a personal credit card loan (the "Debt") which meet the definition of a "debt" under 940 CMR § 7.03.

8.      Synchrony attempted to collect the Debt from Plaintiff and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7.03.

9.      At all relevant times that Synchrony attempted to collect the Debt from Plaintiff, the Debt was alleged to be more than thirty days past due.

10.     Synchrony called Plaintiff's cellular telephone in an attempt to collect the Debt.

11.     Synchrony called Plaintiff's cellular telephone at number 508-XXX-9218.

12.     Synchrony placed the calls from, *inter alia,* telephone numbers 407-541-5227 and 407-541-5228.

13.     Within the last four years, Synchrony called Plaintiff's cellular telephone in excess of two times within a seven-day period in an attempt to collect the Debt.

14.     For instance, Synchrony called Plaintiff's cellular telephone on the following dates and times in an attempt to collect the Debt.

- 9/24/20 - 8:17 p.m.
- 9/25/20 - 4:32 p.m.
- 9/25/20 - 7:32 p.m.
- 9/25/20 – 8:54 p.m.
- 9/26/20 - 11:36 a.m.
- 9/27/20 - 11:15 a.m.
- 10/1/20 - 9:01 a.m.
- 10/1/20 - 4:01 p.m.
- 10/1/20 - 6:30 p.m.
- 10/3/20 - 9:09 a.m.
- 10/4/20 - 11:45 a.m.
- 10/4/20 - 2:25 p.m.
- 10/4/20 - 5:11 p.m.
- 10/5/20 - 10:49 a.m.
- 10/7/20 - 8:36 a.m.
- 10/7/20 - 10:58 a.m.
- 10/7/20 - 3:55 p.m.

15.     At all times that Synchrony called Plaintiff's cellular telephone in an attempt to collect the Debt, Plaintiff's voicemail was setup and functioning properly.

3

**B. Plaintiff Suffered Actual Damages and Injury**

16.    As a direct consequence of Synchrony's repeated calls to Plaintiff's cellular telephone in an attempt to collect the Debt, Plaintiff became angry, frustrated and anxious, and suffered from emotional distress.

17.    Synchrony's repeated calls to Plaintiff were also distracting and an inconvenience to Plaintiff, and wasted Plaintiff's time and energy spent tending to Synchrony's calls.

**CLASS ACTION ALLEGATIONS**

**A. The Class**

18.    Plaintiff brings this case as a class action pursuant to M.G.L. c. 93A, § 9(2) and Rule 23 of the Massachusetts Rules of Civil Procedure.

19.    Plaintiff seeks to represent the following class (the "Class"):

> **All consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls regarding a debt from Synchrony within a seven-day period to their residence, cellular telephone, or other provided telephone number.**

**B. Numerosity**

20.    As its regular business practice, Synchrony hounds Massachusetts consumers with numerous debt collection calls per week.  Class members are believed to be so numerous that joinder of all members is impractical.

21.    The exact number and identities of class members are unknown at this time and can only be ascertained through discovery.  Identification of the class members is a matter capable of ministerial determination from Defendant's records.

22.    Plaintiff reasonably believes that there are thousands of Massachusetts consumers who are members of the Class.

## C.  Common Questions of Law and Fact

23.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

24.     The following questions of law and fact common to the class members are ripe for determination and are raised herein:

   a.  Whether it was Synchrony's practice and policy during the Class Period to place more than two collection calls within a seven-day period to Massachusetts debtors;

   b.  Whether Synchrony violated M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) by placing in excess of two debt collection calls per debt per seven-day period; and

   c.  Whether Synchrony willfully and knowingly placed in excess of two debt collection calls per debt per seven-day period.

## D.  Typicality

25.     Plaintiff's claims are typical of the claims of the class members, since each of the claims arises from receiving in excess of two debt collection calls within a seven-day period.

## E.  Protecting the Interests of Class Members

26.     Plaintiff will fairly and adequately represent the interests of class members, all of whom are victims of Defendant's unlawful conduct.

27.     All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

28.     Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

### F.  Proceeding Via Class Action is Superior and Advisable

29.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30.     Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

31.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

32.     Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

33.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiffs and the other class members.

### COUNT I
### VIOLATIONS OF M.G.L. c. 93A, § 2,
### AND 940 CMR § 7.04(1)(f)

34.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     Defendant initiated communication via telephone in excess of two times within a seven-day period regarding a Debt to Plaintiff's cellular telephone in violation of 940 CMR § 7.04(1)(f).

6

36.     Defendant's failure to comply with 940 CMR § 7.04(1)(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

37.     Defendant willfully or knowingly violated 940 CMR § 7.04(1)(f), and as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees and costs.

38.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek equitable relief in the form of an injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone regarding a debt.

39.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek declaratory relief such that:

- Defendant knowingly and willfully violated M.G.L. c. 93A c. 93A, § 2 and 940 CMR § 7.04(1)(f) as to Plaintiff and the class; and

- It has been Defendant's practice and history to place in excess of two debt collection telephone calls within seven days to Massachusetts consumers regarding a debt.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and the Class and against Defendant, as follows:

A)     An injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone regarding a debt;

B)     Declaratory relief as prayed for herein;

C)     Awarding actual and/or statutory damages under M.G.L. c. 93A § 9;

D)   Awarding actual and/or statutory damages under M.G.L. c. 93A § 9 for the

Class;

E)   Awarding treble damages under M.G.L. c. 93A § 9;

F)   Awarding treble damages under M.G.L. c. 93A § 9 for the Class;

G)   Awarding reasonable attorney fees, litigation expenses and costs incurred

pursuant to M.G.L. c. 93A § 9; and

H)   Granting such other and further relief this Court deems just and appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 16, 2020                    PLAINTIFF,

MICHAEL O'NEILL

By Plaintiff's attorneys,

LEMBERG LAW, LLC


*/s/ Sergei Lemberg*
Sergei Lemberg (BBO# 650671)
slemberg@lemberglaw.com
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
T: (203) 653-2250
F: (203) 653-3424

D. DRAPER

NOV 23 2020

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.

Michael O'Neill on behalf of, *Plaintiff(s)*
himself and all others similarly situated

v.

Synchrony Bank _____, *Defendant(s)*

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Sergei Lemberg, Esq.
plaintiff's attorney, whose address is Lemberg Law, LLC 43 Danbury Rd., Wilton CT 06897
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

WITNESS, **JUDITH FABRICANT, Esquire** , at _____ the _____

day of _____, in the year of our Lord two thousand and _____

_____ *Clerk.*

NOTES:
1.  This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all such defendants should appear in the caption.
    If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...*November 18, 20*..., 20 , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

*Certified mail return receipt requested*

Dated: *11/18* , 20 *20*    *Shannen T. Hester*

**N.B.  TO PROCESS SERVER:-**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON**
**DEFENDANT.**

*November 18     , 20 20 .*

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.

................................, *Plaintiff*

v.

................................, *Defendant*

**SUMMONS**

(Mass. R. Civ. P. 4)

**COMMONWEALTH OF MASSACHUSETTS**
**County of Norfolk**
**The Superior Court**

| | |
|---|---|
| Michael O'Neill, *on behalf of himself and all others similarly situated*, | : <br> : <br> : |
| Plaintiff, | : <br> : : Civil Docket #:_____ |
| v. | : <br> : |
| Synchrony Bank, | : <br> : |
| Defendant. | : <br> : |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

For this Class Action Complaint, Plaintiff Michael O'Neill, by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1.      Defendant Synchrony Bank ("Synchrony") is a national bank whose regular practice is to call its Massachusetts customers on a near-daily basis to collect consumer debts. *See, e.g.,* https://www.bbb.org/us/oh/kettering/profile/credit-cards-and-plans/synchrony-0322-5001136/customer-reviews (customer complaints regarding Synchrony included that Synchrony placed daily collection calls) (last visited Oct. 13, 2020).

2.      Synchrony's calling practices are illegal in Massachusetts as the Massachusetts Attorney General has regulated it an "unfair or deceptive act or practice for a creditor" to "initiate a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the

debtor as his or her personal telephone number, for each debt . . . ." 940 CMR § 7.04(1)(f); *see also Armata v. Target Corp.*, 480 Mass. 14, 15–16, 23, 99 N.E.3d 788, 790, 795-96 (2018) ("The regulation applies to any attempted telephonic communication by a creditor to a debtor in an effort to collect a debt, so long as . . . the creditor is able to reach the debtor or to leave a voicemail message for the debtor.") (quoting 940 CMR § 7.04(1)(f)).

3.      Synchrony placed more than two collection calls to Plaintiff Michael O'Neill ("Plaintiff") within a seven-day period in an attempt to collect a debt, violating the express provisions of § 7.04(1)(f).

4.      Plaintiff seeks to represent all consumers similarly situated.    Plaintiff seeks injunctive relief to end Synchrony's illegal practice, declaratory relief to make Synchrony's violations known to the class, actual and statutory damages, as well as attorneys' fees and costs.

## PARTIES

5.      Plaintiff, Michael O'Neill, is an adult individual residing in Foxborough Massachusetts, and is a "debtor" as defined by 940 C.M.R. § 7.03.

6.      Defendant, Synchrony Bank, is a federal savings bank headquartered at 170 West Election Road, Suite 125, Draper, Utah 84020, and is a "creditor" as defined by 940 CMR § 7.03.  Upon information and belief, Synchrony does not maintain a place of business within the Commonwealth of Massachusetts, nor does it keep any assets in the Commonwealth of Massachusetts.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. Synchrony Engages in Unfair Business Practices

7.      Plaintiff allegedly incurred a financial obligation arising out of a personal credit card loan (the "Debt") which meet the definition of a "debt" under 940 CMR § 7.03.

2

8.    Synchrony attempted to collect the Debt from Plaintiff and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7.03.

9.    At all relevant times that Synchrony attempted to collect the Debt from Plaintiff, the Debt was alleged to be more than thirty days past due.

10.    Synchrony called Plaintiff's cellular telephone in an attempt to collect the Debt.

11.    Synchrony called Plaintiff's cellular telephone at number 508-XXX-9218.

12.    Synchrony placed the calls from, *inter alia,* telephone numbers 407-541-5227 and 407-541-5228.

13.    Within the last four years, Synchrony called Plaintiff's cellular telephone in excess of two times within a seven-day period in an attempt to collect the Debt.

14.    For instance, Synchrony called Plaintiff's cellular telephone on the following dates and times in an attempt to collect the Debt.

- 9/24/20 - 8:17 p.m.
- 9/25/20 - 4:32 p.m.
- 9/25/20 - 7:32 p.m.
- 9/25/20 – 8:54 p.m.
- 9/26/20 - 11:36 a.m.
- 9/27/20 - 11:15 a.m.
- 10/1/20 - 9:01 a.m.
- 10/1/20 - 4:01 p.m.
- 10/1/20 - 6:30 p.m.
- 10/3/20 - 9:09 a.m.
- 10/4/20 - 11:45 a.m.
- 10/4/20 - 2:25 p.m.
- 10/4/20 - 5:11 p.m.
- 10/5/20 - 10:49 a.m.
- 10/7/20 - 8:36 a.m.
- 10/7/20 - 10:58 a.m.
- 10/7/20 - 3:55 p.m.

15.    At all times that Synchrony called Plaintiff's cellular telephone in an attempt to collect the Debt, Plaintiff's voicemail was setup and functioning properly.

3

**B.  Plaintiff Suffered Actual Damages and Injury**

16.     As a direct consequence of Synchrony's repeated calls to Plaintiff's cellular telephone in an attempt to collect the Debt, Plaintiff became angry, frustrated and anxious, and suffered from emotional distress.

17.     Synchrony's repeated calls to Plaintiff were also distracting and an inconvenience to Plaintiff, and wasted Plaintiff's time and energy spent tending to Synchrony's calls.

## CLASS ACTION ALLEGATIONS

**A.  The Class**

18.     Plaintiff brings this case as a class action pursuant to M.G.L. c. 93A, § 9(2) and Rule 23 of the Massachusetts Rules of Civil Procedure.

19.     Plaintiff seeks to represent the following class (the "Class"):

> **All consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls regarding a debt from Synchrony within a seven-day period to their residence, cellular telephone, or other provided telephone number.**

**B.  Numerosity**

20.     As its regular business practice, Synchrony hounds Massachusetts consumers with numerous debt collection calls per week.  Class members are believed to be so numerous that joinder of all members is impractical.

21.     The exact number and identities of class members are unknown at this time and can only be ascertained through discovery.  Identification of the class members is a matter capable of ministerial determination from Defendant's records.

22.     Plaintiff reasonably believes that there are thousands of Massachusetts consumers who are members of the Class.

4

**C. Common Questions of Law and Fact**

23.    There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

24.    The following questions of law and fact common to the class members are ripe for determination and are raised herein:

   a.  Whether it was Synchrony's practice and policy during the Class Period to place more than two collection calls within a seven-day period to Massachusetts debtors;

   b.  Whether Synchrony violated M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) by placing in excess of two debt collection calls per debt per seven-day period; and

   c.  Whether Synchrony willfully and knowingly placed in excess of two debt collection calls per debt per seven-day period.

**D. Typicality**

25.    Plaintiff's claims are typical of the claims of the class members, since each of the claims arises from receiving in excess of two debt collection calls within a seven-day period.

**E. Protecting the Interests of Class Members**

26.    Plaintiff will fairly and adequately represent the interests of class members, all of whom are victims of Defendant's unlawful conduct.

27.    All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

28.    Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

5

**F. Proceeding Via Class Action is Superior and Advisable**

29.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30.   Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

31.   The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

32.   Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

33.   The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiffs and the other class members.

**COUNT I**
**VIOLATIONS OF M.G.L. c. 93A, § 2,**
**AND 940 CMR § 7.04(1)(f)**

34.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.   Defendant initiated communication via telephone in excess of two times within a seven-day period regarding a Debt to Plaintiff's cellular telephone in violation of 940 CMR § 7.04(1)(f).

6

36.     Defendant's failure to comply with 940 CMR § 7.04(1)(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

37.     Defendant willfully or knowingly violated 940 CMR § 7.04(1)(f), and as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees and costs.

38.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek equitable relief in the form of an injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone regarding a debt.

39.     Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek declaratory relief such that:

- Defendant knowingly and willfully violated M.G.L. c. 93A c. 93A, § 2 and 940 CMR § 7.04(1)(f) as to Plaintiff and the class; and

- It has been Defendant's practice and history to place in excess of two debt collection telephone calls within seven days to Massachusetts consumers regarding a debt.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and the Class and against Defendant, as follows:

A)     An injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone regarding a debt;

B)     Declaratory relief as prayed for herein;

C)     Awarding actual and/or statutory damages under M.G.L. c. 93A § 9;

7

D)   Awarding actual and/or statutory damages under M.G.L. c. 93A § 9 for the
     Class;

E)   Awarding treble damages under M.G.L. c. 93A § 9;

F)   Awarding treble damages under M.G.L. c. 93A § 9 for the Class;

G)   Awarding reasonable attorney fees, litigation expenses and costs incurred
     pursuant to M.G.L. c. 93A § 9; and

H)   Granting such other and further relief this Court deems just and appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 16, 2020              PLAINTIFF,

                                     MICHAEL O'NEILL

                                     By Plaintiff's attorneys,

                                     LEMBERG LAW, LLC


                                     */s/ Sergei Lemberg*
                                     Sergei Lemberg (BBO# 650671)
                                     slemberg@lemberglaw.com
                                     LEMBERG LAW, LLC
                                     43 Danbury Road
                                     Wilton, CT 06897
                                     T: (203) 653-2250
                                     F: (203) 653-3424

8

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| PLAINTIFF(S): | Michael O'Neill, on behalf of himself and all others similarly situated | COUNTY | Norfolk |
|---|---|---|---|
| ADDRESS: | 4 Bassett Street, Foxborough, MA 02035 | | |
| Assonet, MA 02702 | | DEFENDANT(S): | Synchrony Bank |

| ATTORNEY: | Sergei Lemberg | | |
|---|---|---|---|
| ADDRESS: | Lemberg Law, LLC | ADDRESS: | 170 West Election Road, Suite 125 |
| 43 Danbury Rd., Wilton, CT 06897 | | Draper, Utah 84020 | |

| BBO: | 650971 | | |
|---|---|---|---|

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B99 | M.G.L. c. 93A § 2, et seq | F | ☒ YES   ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   ☒ YES   ☐ NO        Is this a class action under Mass. R. Civ. P. 23?   ☒ YES   ☐ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses .................................................................................................. $_____
 2. Total doctor expenses .................................................................................................... $_____
 3. Total chiropractic expenses ........................................................................................... $_____
 4. Total physical therapy expenses .................................................................................... $_____
 5. Total other expenses (describe below) .......................................................................... $_____
                                                                                     Subtotal (A): $_____

B. Documented lost wages and compensation to date .......................................................... $_____
C. Documented property damages to date .......................................................................... $_____
D. Reasonably anticipated future medical and hospital expenses ........................................ $_____
E. Reasonably anticipated lost wages ................................................................................. $_____
F. Other documented items of damages (describe below) ................................................... $_____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                                              TOTAL (A-F):$_____

#### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

On Behalf of Plaintiff and Class                                      TOTAL: $ 50,001.00

Signature of Attorney/ Unrepresented Plaintiff: X   /s/ Sergei Lemberg        Date: Oct 16, 2020

RELATED ACTIONS. Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X   /s/ Sergei Lemberg        Date: Oct 16, 2020

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2082CV00993 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Michael O'Neill on behalf of Himself and all others similarly situated vs.<br>Synchrony Bank | Walter F. Timilty, Clerk of Courts |
|---|---|

| TO:<br>Sergei Lemberg, Esq.<br>Lemberg Law, LLC<br>43 Danbury Rd<br>Wilton, CT 06897 | COURT NAME & ADDRESS<br>Norfolk County Superior Court<br>650 High Street<br>Dedham, MA 02026 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

#### STAGES OF LITIGATION                                    DEADLINE

|  | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court |  | 01/19/2021 |  |
| Response to the complaint filed (also see MRCP 12) |  | 02/16/2021 |  |
| All motions under MRCP 12, 19, and 20 | 02/16/2021 | 03/18/2021 | 04/20/2021 |
| All motions under MRCP 15 | 02/16/2021 | 03/18/2021 | 04/20/2021 |
| All discovery requests **and depositions** served and non-expert depositions completed | 08/16/2021 |  |  |
| All motions under MRCP 56 | 09/14/2021 | 10/14/2021 |  |
| Final pre-trial conference held and/or firm trial date set |  |  | 02/11/2022 |
| Case shall be resolved and judgment shall issue by |  |  | 10/19/2022 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>11/16/2020 | ASSISTANT CLERK | PHONE |
|---|---|---|



(Page 13 of 13)

LEMBERG LAW REC D NOV 23 2020
ATTORNEYS AT LAW
43 Danbury Road
Wilton, CT 06897

7018 3090 0001 3426 6282

$4.05 0
US POSTAGE
FIRST-CLASS
062S0007252693
FROM 06905

Synchrony Bank
170 W. Election Rd.
Ste 125
Draper, UT 84020

4.b

(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER)

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO.

_Michael O'Neill on behalf of_ , _Plaintiff(s)_
_himself and all others similarly situated_

v.

_Synchrony Bank_ , _Defendant(s)_

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon _Sergei Lemberg, Esq._
plaintiff's attorney, whose address is _Lemberg Law, LLC 43 Danbury Rd., Wilton CT 06897_
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You are also required to file your answer to the
complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

WITNESS,   JUDITH FABRICANT, Esquire   , at _____ the _____

day of _____, in the year of our Lord two thousand and _____

Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption.
   If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .......November 18, 20....., 20......., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

..........Certified mail return receipt requested........................................................................

...........................................................................................................................................

...........................................................................................................................................

Dated: 11 | 18 ..........., 2020   Shannon T. Heister

**N.B.  TO PROCESS SERVER:-**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON**
**DEFENDANT.**

November 18 ........., 2020 .

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION

NORFOLK, ss.

NO.

..................., Plaintiff

v.

..................., Defendant

SUMMONS

(Mass. R. Civ. P.4)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Synchrony Bank
170 W. Election Rd.
Ste 125
Draper, UT 84020



9590 9402 1407 5329 8854 48

2. Article Number (Transfer from service label)

7018 3090 0001 3426 6282

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☑ Agent  ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

Butterfield        23 Nov.

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053       Domestic Return Receipt

**USPS TRACKING #**



9590 9402 1407 5329

**United States
Postal Service**

• Sender:

L

AT

43

Wilt

259

**Certified Mail service provides the following benefits:**

- A receipt (this portion of the Certified Mail label).
- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

**Important Reminders:**

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is *not available* for International mail.
- Insurance coverage is *not available* for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, *Domestic Return Receipt*; attach PS Form 3811 to your mailpiece;

for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.

- Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
- Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
- Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).

- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form 3800, April 2015 (Reverse) PSN 7530-02-000-9047

**USPS TRACKING #**

9590 9402 1407 5329 8854 48

**First-Class Mail**
**Postage & Fees Paid**
**USPS**
**Permit No. G-10**

**United States**
**Postal Service**



• Sender: Please print your name, address, and ZIP+4® in this box•

**LEMBERG LAW, LLC**
ATTORNEYS AT LAW

43 Danbury Road
Wilton, CT 06897

25966-002

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Synchrony Bank
170 W. Election Rd.
Ste 125
Draper, UT 84020



9590 9402 1407 5329 8854 48

2. Article Number *(Transfer from service label)*

7018 3090 0001 3426 6282

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____   ☑ Agent
                         ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

Butterfield                        23 Nov.

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS                                           NORFOLK SUPERIOR COURT

MICHAEL O'NEILL

       Plaintiff,

           v.                                         Docket No. 2082-cv-00993

SYNCHRONY BANK

       Defendant.

## NOTICE OF APPEARANCE OF RAYMOND P. AUSROTAS

Please enter the appearance of Raymond P. Ausrotas for the Defendant Synchrony Bank.


                                   Respectfully submitted,


                                   */s/ Raymond P. Ausrotas*
                                   Raymond P. Ausrotas, Esq. (BBO #640315)
                                   RAusrotas@arrowoodllp.com
                                   ARROWOOD LLP
                                   10 Post Office Square,
                                   7th Floor South
                                   Boston, MA 02109
                                   T: 617-849-6200


## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing and attached was served on counsel for record via email on December 8, 2020.

                                   */s/ Raymond P. Ausrotas*

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS                                    NORFOLK SUPERIOR COURT

MICHAEL O'NEILL

      Plaintiff,

      v.                                    Docket No. 2082-cv-00993

SYNCHRONY BANK

      Defendant.

## NOTICE OF APPEARANCE OF WILLIAM F. MCGONIGLE

Please enter the appearance of William F. McGonigle for the Defendant Synchrony Bank.

Respectfully submitted,

*/s/ William F. McGonigle*
William F. McGonigle, Esq. (BBO #569490)
wmcgonigle@arrowoodllp.com
ARROWOOD LLP
10 Post Office Square,
7th Floor South
Boston, MA 02109
T: 617-849-6200

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing and attached was served on counsel for record via email on December 8, 2020.

*/s/ William F. McGonigle*

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

NORFOLK SUPERIOR COURT

MICHAEL O'NEILL

      Plaintiff,

      v.

SYNCHRONY BANK

      Defendant.

Docket No. 2082-cv-00993

**STIPULATION TO EXTEND DEADLINE TO RESPOND TO INITIAL COMPLAINT**

The above-captioned parties have stipulated and agreed that Defendant will have a 45-day extension for the purpose of responding to Plaintiff's Complaint. Defendant shall therefore have until January 22, 2021 to serve a responsive pleading or motion.

Respectfully submitted,

By Plaintiff:

MICHAEL O'NEILL

By his attorney,

*/s/ Sergei Lemberg*
Sergei Lemberg (BBO #650671)
slemberg@lemberglaw.com
LEMBERG LAW, LLC
43 Danbury Road
Wilton, CT 06897
(202) 653-2250

December 8, 2020

By Defendant:

SYNCHRONY BANK

By its attorneys,

*/s/ William F. McGonigle*
Raymond P. Ausrotas, Esq. (BBO #640315)
RAusrotas@arrowoodllp.com
William F. McGonigle, Esq. (BBO #569490)
wmcgonigle@arrowoodllp.com
ARROWOOD LLP
10 Post Office Square,
7th Floor South
Boston, MA 02109
T: 617-849-6200

1

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing and attached was served on counsel for record via email on December 8, 2020.

*/s/ William F. McGonigle*
